UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TRI-UNION SEAFOODS, LLC, doing business as CHICKEN OF THE SEA INTERNATIONAL,<br><br>Plaintiff,<br><br>vs.<br><br>MR. TUNA, INC.,<br><br>Defendant. | Case No. 11CV1026 CAB RBB<br><br>**ORDER ENTERING DEFAULT JUDGMENT AND ISSUING PERMANENT INJUNCTION**<br><br>**[FED. R. CIV. P. 55(b)]**<br><br>[Doc. No. 43] |
|---|---|

On March 9, 2012 the Court entered an order Granting Mr. Frank Revere's motion to be relieved as counsel for Defendant Mr. Tuna, Inc. ("Defendant"). [Doc. No. 22.] The order advised the Defendant of its obligation to obtain new counsel pursuant to Local Rule 83.3(k), which provides that corporations may only appear in court through an attorney permitted to practice in this District. *Id.* The March 9, 2012 order stated that that if Defendant did not have new counsel make an appearance on its behalf within 21 days of the March 9, 2012 order—i.e. March 30, 2012—the Court would entertain a motion to strike the answer and for entry of default in favor of the Plaintiff. No appearance was filed by March 30, 2012.

On April 6, 2012, as a result of Defendant's failure to comply with the Court's March 9, 2012 order, the Court issued an order [Doc. No. 41] striking Defendant's Answer [Doc. No. 7] to Plaintiff's First Amended Complaint and entering default pursuant to Fed. R. Civ. P. 55(a). The

1  April 6, 2012 order also directed Plaintiff file a motion for entry of default judgment pursuant to Fed.
2  R. Civ. P. 55(b) forthwith. *Id.* That Order has also been served upon Defendant. [*See* Doc. No. 44.]

3  Plaintiff filed its motion for entry of default judgment [Doc. No. 43] on April 10, 2012.
4  Defendant was served with that motion as well. *Id.* Plaintiff's motion sought a judgment for
5  damages and issuance of a permanent injunction. Having reviewed Plaintiff's papers, and the
6  declaration and exhibits thereto, this Court finds good cause to enter default and issue a permanent
7  injunction and hereby **GRANTS** Plaintiff's motion [Doc. No. 43] and hereby **ORDERS** as follows:

8  1. Damages are awarded to Plaintiff Tri-Union Seafoods, LLC, d/b/a/ Chicken of the Sea
9  International ("Plaintiff"), and against Defendant Mr. Tuna, Inc., in the amount of $9,837,972.67.
10  This sum represents: (1) $9,573,703.76 in revenues received by Defendant for sales of KING OF
11  THE SEA and GREAT KING seafood products that infringe on and dilute Plaintiff's CHICKEN OF
12  THE SEA trademarks and/or were made in breach of a contract between the parties; (2) $86,680 in
13  breach of contract damages to reimburse Plaintiff for costs incurred to perform its obligations under
14  such contract, including purchasing the KING OF THE SEA trademark and shipping Mr. Tuna's
15  seafood products back to New York; and (3) $177,588.91 in attorneys fees incurred by Plaintiff in
16  bringing this action, which are recoverable pursuant to a contract between the parties. [Doc. No. 6,
17  Exh. Q at Sec. 18.]

18  2. Mr. Tuna, Inc., as well as its officers, directors, principals, agents, representatives,
19  servants, employees, affiliates, successors, or assigns, and any person or entity acting on its behalf or
20  in concert or participation with it, are hereby PERMANENTLY ENJOINED from manufacturing,
21  procuring the manufacture of, making, producing, reproducing, copying, distributing, transferring,
22  displaying, marketing, advertising, shipping, importing, exporting, licensing, offering to license,
23  selling, or offering to sell:

24  (a) Canned fish products or products related to canned fish which have packaging
25  that references, or which have been promoted in any media with the trademark, name, and/or brand
26  "KING OF THE SEA" or any colorable imitation thereof, or which are marketed or identified as
27  being from the same company that formerly produced, manufactured, distributed, or sold "KING OF
28  THE SEA" seafood products;

(b) Canned fish products or products related to canned fish which have packaging that references, or which have been promoted in any media with the trademark, name, and/or brand "CHICKEN OF THE SEA," or any colorable imitation thereof, or which are marketed or identified as being from the same company that formerly produced, manufactured, distributed, or sold "CHICKEN OF THE SEA" seafood products;

(c) Any packaging, labels, signs, prints, business cads, stationery, packages, wrappers, receptacles, packing slips, invoices, purchase orders, marketing, or advertising materials that embody, or depict in whole or in part, or incorporate or use in any manner, the phrases "KING OF THE SEA" or "CHICKEN OF THE SEA" or any colorable imitation thereof.

3. Mr. Tuna, Inc., as well as its officers, directors, principals, agents, representatives, servants, employees, affiliates, successors, or assigns, and any person or entity acting on its behalf or in concert or participation with it, are further hereby PERMANENTLY ENJOINED from engaging in any of the following acts:

(a) using the *kingoftheseatuna.com* domain name, or any trademark, metatag, vanity phone number, banner advertisement or domain name confusingly similar to the domain name *kingoftheseatuna.com*, *chickenofthesea.com*, the KING OF THE SEA trademark or CHICKEN OF THE SEA trademarks, in any manner in connection with any Internet technology;

(b) registering or using as a domain name any obvious variation or misspelling of *kingoftheseatuna.com*, *chickenofthesea.com*, the KING OF THE SEA trademark or CHICKEN OF THE SEA trademarks, or other marks or domain names owned or used by or on behalf of Chicken of the Sea;

(c) Engaging in any and all further acts of infringement or dilution of Plaintiff's trademark rights in the "KING OF THE SEA" and "CHICKEN OF THE SEA" trademarks;

(d) Asserting any ownership of rights or any right, title or interest in the "KING OF THE SEA" and "CHICKEN OF THE SEA" trademarks;

(e) Assisting, aiding, or abetting any other entity or person in engaging in or performing any of the activities referred to in paragraphs 2(a) through 2(c), inclusive, and/or in paragraphs 3(a) through 3(d), inclusive.

4.     Within seven (7) days of service of this Judgment and Permanent Injunction, Defendant shall file with the Court and serve upon Chicken of the Sea a declaration under penalty of perjury identifying any remaining infringing products or materials remaining in its inventory, including (i) any canned fish products or products related to canned fish which have packaging that references, or which have been promoted in any media with the trademarks, names, and/or brands "CHICKEN OF THE SEA" or "KING OF THE SEA," including the quantity, size, and type of each product; (ii) all labels, signs, prints, business cards, stationery, packages, wrappers, receptacles, websites, promotional materials, brochures, manuals, educational materials, and advertisements bearing the "KING OF THE SEA" trademark or any colorable imitation thereof, or any other designation that infringes or dilutes the "CHICKEN OF THE SEA" trademarks; and (iii) any all plates, molds, stamps or other means of making infringing materials bearing the "KING OF THE SEA" or "CHICKEN OF THE SEA" trademarks.

5.     Within seven (7) days of having filed the declaration identified in paragraph 4, or, if Defendant fails to file such a declaration, within fourteen (14) days of service on Defendant of this Judgment and Permanent Injunction, at Defendant's expense, Defendant shall deliver all remaining infringing products and materials remaining in its possession, as well as all such products and materials in the possession of its officers, directors, principals, agents, representatives, servants, employees, affiliates, successors, or assigns, and any person or entity acting on its behalf or in concert or participation with it, including (i) any canned fish products or products related to canned fish which have packaging, labels, wrappers, or any other material affixed to them, that references the trademarks, names, and/or brands "CHICKEN OF THE SEA" or "KING OF THE SEA," or any other confusingly similar trademark; (ii) all labels, signs, prints, business cards, stationery, packages, wrappers, receptacles, packing slips, invoice purchase orders, websites, promotional materials, brochures, manuals, educational materials, and advertisements bearing the "KING OF THE SEA" trademark or any colorable imitation thereof, or any other designation that infringes or dilutes the "CHICKEN OF THE SEA" trademarks; and (iii) any all plates, molds, stamps or other means of making infringing materials bearing the "KING OF THE SEA" or "CHICKEN OF THE SEA" trademarks, to the following address:

Chicken of the Sea Int'l
Attn: John Barker
9330 Scranton Road, Suite 500
San Diego, CA 92121

6. Within seven (7) days of service of this Judgment and Permanent Injunction, Defendant shall transfer ownership of the infringing *kingoftheseatuna.com* domain name Plaintiff by providing counsel of record for Tri-Union Seafoods, LLC the necessary authorization codes for such transfer. Defendant shall provide such codes via electronic mail (seth.gold@klgates.com), via facsimile (Seth Gold, 310-552-5001), or via messenger (Seth Gold, 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, California 90067).

7. Pursuant to 15 U.S.C. § 1116, within thirty (30) days of service of this Judgment and Permanent Injunction, Defendant shall file with this Court and serve upon Chicken of the Sea a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

8. This Court shall have jurisdiction to interpret and enforce the terms of this Judgment and Permanent Injunction and to determine any issues which may arise concerning this Judgment and Permanent Injunction.

IT IS SO ORDERED.

Dated: April 19, 2012

_____
CATHY ANN BENCIVENGO
United States District Judge